UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH A. SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 14-cv-04543 NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 21 |

Plaintiff Ruth Schneider seeks judicial review of the Commissioner of Social Security's decision to deny her application for disability benefits. According to Schneider, the Administrative Law Judge erred by concluding that Schneider could perform the past relevant work of administrative assistant, erred in determining that Schneider had skills transferable to other jobs, failed to give sufficient weight to Schneider's treating physician, failed to give clear and convincing reasons for finding Schneider not credible, and erred in determining that Schneider did not have a medically determinable mental impairment.

The Court disagrees with Schneider on all of these issues. Specifically, the Court finds the ALJ properly assessed Schneider's past work as consistent with the duties of an administrative assistant, gave appropriate weight to the medical evidence from Schneider's treating physician, had clear and convincing reasons to find Schneider not credible, and that Schneider failed to establish a severe mental impairment through evidence.

Accordingly, the Court AFFIRMS the ALJ's decision, GRANTS the

Case No. 14-cv-04543 NC

Commissioner's cross-motion for summary judgment, and DENIES Schneider's summary judgment motion.

## I. BACKGROUND

Schneider was born in May 1960 and earned a GED in March 1979. AR at 130, 138. Schneider last worked as an office manager from 1992-2006 for a company that did shipping and receiving. AR at 22, 62-64, 68, 138-139. She was the only employee, and was responsible for answering phones, unloading trucks by hand, ordering and receiving shipping supplies, and keeping inventory. AR at 62, 139. She often lifted 20 pounds or more and occasionally lifted 50 pounds or more. AR at 63. Schneider indicated that she lost her job when the company closed. AR at 22, 68, 137. She collected unemployment for a while, but could not find work. AR at 22, 67, 68.

Schneider testified that, though previously diagnosed with a shoulder problem and fibromyalgia, both conditions became worse in 2011. AR at 23, 71-72. Schneider testified that she was disabled in July 2011 due to pain twenty four hours a day, seven days a week, exhaustion, and mental fogginess. AR at 23, 66-67, 143. She indicated she could not sit, stand, or walk for more than 5 minutes. AR at 23, 67.

Schneider applied for disability benefits, and when her application was denied, she requested a hearing before an ALJ. AR at 203-06. A hearing was held and Schneider appeared with her attorney. AR at 59-73.

The ALJ issued a decision concluding that Schneider was not disabled. AR at 15-29. The ALJ followed the five-step evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 416.920(a).

Step one asks whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920. At step two, the ALJ evaluates whether the claimant has a medically severe impairment or combination of impairments. *Id.* At step three, the ALJ considers whether the impairment or combination of impairments meets or equals any of the listed impairments under 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ assesses whether the claimant is capable of performing her past relevant work. *Id.* At step

1  five, the ALJ examines whether the claimant has the residual functional capacity to
2  perform any other substantial gainful activity in the national economy.  *Id.*  If the ALJ
3  reaches step five and determines that the claimant has the residual functional capacity to
4  perform other gainful activity, the claimant is not disabled.  *Id.*

5  Here, the ALJ found at step two that Schneider's fibromyalgia was a medically
6  determinable impairment and a severe impairment.  AR at 20.  *See* 20 C.F.R. §
7  404.1520(c).  At step three, however, the ALJ found that the evidence did not establish that
8  Schneider's fibromyalgia medically equaled a listing level of severity, and therefore was
9  not *per se* disabling.  AR at 21-22; *see* 20 C.F.R. 404.1520(d).  At step four, the ALJ found
10 that Schneider was capable of performing past relevant work as an administrative assistant
11 and that this work did not require the performance of work-related activities precluded by
12 Schneider's residual functional capacity.  AR at 27.  The ALJ went on to make an
13 alternative ruling at step five that Schneider had skills from past relevant work that were
14 transferable to other occupations, specifically work as a receptionist, an order clerk, and a
15 telemarketer.  AR at 28.

16 Thereafter, Schneider requested that the Appeals Council review the ALJ's
17 unfavorable decision.  The Appeals Council declined to review this determination.  AR at
18 1-5.  Schneider then appealed the ALJ's decision to this Court under 42 U.S.C. § 405(g).
19 Dkt. No. 1.[1]  Both parties moved for summary judgment.  Dkt. Nos. 19-1, 21.

20 Because of the large administrative record and in the interest of judicial efficiency,
21 the Court will describe additional facts germane to the five disputed issues as it goes
22 through the parties' various claims.

23 **II.   LEGAL STANDARD**

24 A district court has the "power to enter, upon the pleadings and transcript of the
25 record, a judgment affirming, modifying, or reversing the decision of the Commissioner of
26 Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405(g).

---

[1] Both parties have consented to jurisdiction of a magistrate judge under 28 U.S.C. § 636. Dkt. Nos. 7, 13.

Case No. 14-cv-04543 NC            3

1      The decision of the Commissioner should only be disturbed if it is not supported by
2 substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679
3 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as
4 adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.
5 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Where evidence
6 is susceptible to more than one rational interpretation, the ALJ's decision should be
7 upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## III. DISCUSSION

9      Schneider claims the ALJ's disability determination is not supported by substantial
10 evidence in the record. Specifically, Schneider claims the ALJ erred in (1) determining
11 that Schneider could perform the past relevant work of administrative assistant, (2)
12 determining that Schneider had skills transferable to other jobs, (3) failing to give
13 sufficient weight to Schneider's treating physician, Dr. Brothers, (4) failing to give clear
14 and convincing reasons for finding Schneider not credible, and (5) determining that
15 Schneider did not have a medically determinable mental impairment.

**A. Did the ALJ have substantial evidence to support her determination that Schneider could perform the job of an administrative assistant as it is generally performed?**

18      Schneider claims that the ALJ erred when she concluded at step four of the
19 sequential evaluation that Schneider could perform the job of administrative assistant as it
20 is performed in the general economy. Schneider argues that "[t]he job of Administrative
21 Assistant requires the ability to frequently reach, yet the Judge found Ms. Schneider to
22 have the residual functional capacity ("RFC") to only occasionally reach overhead. The
23 ALJ's RFC determination precludes Ms. Schneider from performing the job that the ALJ
24 found she could do. Ms. Schneider therefore met her burden of proof at Step 4 of the
25 sequential evaluation that she cannot perform past relevant work." Dkt. No. 19-1 at 16.
26      At step four of the five-step disability evaluation process, "claimants have the
27 burden of showing that they can no longer perform their past relevant work." *Pinto v.*
28 *Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). A claimant must demonstrate an inability

to perform relevant prior work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). "Although the burden of proof lies with the claimant . . . the ALJ still has a duty to make the requisite factual findings to support his conclusions." *Id.* "The Social Security regulations provide that the ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis,* 281 F.3d at 1083.

Here, the vocational expert testified that although Schneider's past work was as an office manager, the job that was "most closely in alignment" with her past work was that of an administrative assistant, DOT 169.167-010. It is a sedentary position, skilled, with a Specific Vocational Profile ("SVP") of 7. AR at 81. The VE chose this position rather than that of "office manager," because the DOT describes the office manager position as a supervisory position and Schneider was the only person at her office. AR at 81. The VE testified that Schneider performed her past job at a level of medium exertion. AR at 82. The ALJ posed a hypothetical to the VE which assumed a person of Schneider's age, education, and prior work experience who was limited to light exertion. AR at 83. The VE testified that such a person could not perform Schneider's past relevant work as she performed it because she performed it a medium level of exertion and the judge restricted the hypothetical to "light." AR at 83. The VE further testified, however, that Schneider could perform the job of an administrative assistant as it is generally performed in the national economy. AR at 83.

Accordingly, the ALJ found that through December 31, 2011, Schneider "was capable of performing past relevant work as an administrative assistant." AR at 27. The ALJ further found that work as an administrative assistant "did not require the performance of work-related activities precluded by [Schneider]'s residual functional capacity." *Id*.

Schneider argues that she cannot perform work as an administrative assistant because the job, as described in the DOT, required frequent reaching. *See* DOT No. 169-

Case No. 14-cv-04543 NC        5

1   167-010 1991 WL 6474242 (G.P.O.). However, substantial evidence supported the ALJ's
2   determination.
3      The ALJ presented a hypothetical question to the VE that included
4   the restriction for occasional overhead reaching and specifically instructed the VE
5   to indicate if his testimony deviated from the DOT. AR at 78, 81-84. The VE testified
6   Schneider could perform her past relevant work as generally performed. AR at 83-84.
7   The ALJ properly relied on the VE testimony. *See Bayliss v. Barnhart,* 427 F3d 1211,
8   1217-1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary
9   foundation for his or her testimony" and, therefore, "no additional foundation is required").
10     Furthermore, Schneider's counsel did not question any conflict with the DOT.
11  *Wentz v. Comm'r of Soc. Sec. Admin.,* 401 Fed. Appx. 189, 191 (9th Cir. 2010) (affirming
12  ALJ opinion when claimant's attorney cross-examined the VE, but did not challenge her
13  representation that her testimony comported with the DOT); *Solorzano v. Astrue*, 2012 WL
14  84527, at *6 (C.D. Cal. Jan. 20, 2012) (noting counsel's duty to raise conflict with DOT at
15  hearing).
16     When the evidence, as it is here, is susceptible to more than one rational
17  interpretation, the ALJ's conclusion, if reasonable, must be upheld. *Burch v. Barnhart*,
18  400 F.3d 676, 679 (9th Cir. 2005) (upholding ALJ decision finding claimant could do a
19  significant range of light work after the ALJ posed a hypothetical to the VE restricting
20  claimant from jobs requiring frequent reaching overhead).
21     Accordingly, the Court finds that the ALJ did not err in finding that Schneider could
22  perform the job of administrative assistant as it is generally performed. The Court
23  DENIES Schneider's summary judgment motion as to this claim and GRANTS the
24  Commissioner's motion.

25  **B.   Did the ALJ err as a matter of law when finding that Schneider had transferable skills to other work?**
26
27  After finding at step four that Schneider could perform work as an administrative
28  assistant, the ALJ conceded that Schneider's previous "position as an administrative

Case No. 14-cv-04543 NC        6

1    assistant included some regular duties outside of the traditional duties identified in the
2    *Dictionary of Occupational Titles*." AR at 27. Therefore, "in an abundance of caution,"
3    the ALJ "considered whether there are other jobs existing in the national economy that
4    [Schneider] would also be able to perform." *Id*. The ALJ asked if there were any
5    transferable skills from Schneider's work. The VE responded by listing three jobs to
6    which Schneider had transferable skills: receptionist, order clerk, and telemarketer. AR at
7    90. The ALJ accordingly found that Schneider could perform the other jobs that the VE
8    identified: receptionist, order clerk and telemarketer. AR at 28.

Schneider contends that the ALJ's process of determining that Schneider had transferable skills was insufficient because the VE never gave a list of the specific skills Schneider had that could be transferred to other work. Schneider argues that when the ALJ found that Schneider could perform the jobs of receptionist, order clerk, and telemarketer, she "failed to identify the transferable skills that Ms. Schneider had which would allow her to perform these jobs. The ALJ's conclusion was based on the VE testimony at the hearing during which she asked the VE to identify Ms. Schneider's transferable skills [but] the VE []failed to identify them." Dkt. No. 19-1 at 18.

In *Bray v. Commissioner,* 554 F.2d 1219 (9th Cir. 2009), the 9th Circuit remanded due to the ALJ's failure to list specific transferable skills. There, the ALJ found that the claimant had "previous skilled work experience," but made no finding as to the transferability of any acquired skills. 554 F.2d at 1224. The court noted that it was "impossible to discern whether the VE's brief commentary represents the sole basis for the ALJ's assumption that Bray had transferable skills. The decision is similarly silent on the issue of whether the particular skills that the VE identified would be transferable in Bray's case given her age and medical impairments." *Id*. The court ordered the ALJ on remand to make specific findings as to whether the claimant had transferrable skills, and if so, what they were. *Id*.

Here, the ALJ did not articulate specific transferable skills and therefore did not satisfy the requirement articulated in *Bray*. However, the step five finding was an alternate

1  finding. The ALJ's step four determination is a valid one, supported by substantial
2  evidence, without material legal error. AR at 27. Therefore, the Commissioner is correct
3  in stating that the ALJ's failure to state in the decision the precise skills transferable to
4  other types of clerk occupations is reasonably regarded as a harmless error. *See Molina v.*
5  *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless if there is "substantial
6  evidence supporting the ALJ's decision and the error does not negate the validity of the
7  ALJ's ultimate conclusion . . . in each case the court must look at the record as a whole to
8  determine whether the error alters the outcome of the case"). Because the ALJ's
9  determination that Schneider could perform past relevant work was supported by
10 substantial evidence, a paucity in her explained reasoning that Schneider had transferable
11 skills is harmless error and does not require remand or reversal.
12     Accordingly, the Court finds that the ALJ's error in failing to specifically identify
13 Schneider's transferable skills was harmless. The Court DENIES Schneider's summary
14 judgment motion as to this claim and GRANTS the Commissioner's motion.

   **C.    Did the ALJ give appropriate weight to the opinion of Dr. Brothers?**

16     Schneider argues that the ALJ erred in rejecting the medical opinions of her treating
17 physician, Dr. Brothers. In April 2012, Dr. Brothers completed a physical residual
18 functional capacity form and indicated Schneider could perform at a less than sedentary
19 level. Dr. Brothers opined that Schneider qualified for long term permanent disability.
20 AR at 26, 784-788. In February 2013, Dr. Brothers wrote a letter indicating the limitations
21 indicated in April 2012 had existed since July 2011, the first time he had examined
22 Schneider after she returned to his care. AR at 26, 901. Schneider contends that Dr.
23 Brothers' assessments as to Schneider's limited functional capacity should have been
24 entitled to controlling weight.
25     To be sure, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v.*
26 *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(c). The ALJ,
27 however, may reject the opinion of a treating or examining physician by making "findings
28 setting forth specific legitimate reasons for doing so that are based on substantial evidence

in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* In short, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

Here, while the ALJ chose to give little weight to the opinion of Schneider's treating physician, she nonetheless set forth specific legitimate reasons for doing so. For instance, the ALJ noted that Dr. Brothers' records did not reflect constant pain and, aside from Schneider's subjective statements of pain, there was not support in the records or treatment notes indicating that Schneider could only sit and stand for a few minutes at a time. AR at 23, 66-67.

Moreover, the ALJ did not rely exclusively on the lack of clinical findings from Dr. Brothers, but also noted the findings made by examining physicians, Dr. Anderson and Dr. Obana, who found Schneider to be in no acute distress, and her physical examinations within normal limits. AR at 25, 495-496, 512-514. Their opinions are consistent with Dr. Brothers' treatment notes and contradict the functional limitations opined by Dr. Brothers. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) ("[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence").

Therefore, the ALJ did not rely solely on the opinions of non-examining physicians, and provided the requisite specific and legitimate reasons for rejecting Dr. Brothers' functional limitations. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record").

Accordingly, the Court finds that the ALJ did not err in giving little weight to Dr.

Case No. 14-cv-04543 NC         9

Brothers' opinion. The Court DENIES Schneider's summary judgment motion as to this claim and GRANTS the Commissioner's motion.

### D. Did the ALJ make an appropriate credibility determination of Schneider?

Schneider contends that the ALJ made an improper credibility determination of Schneider when the ALJ determined that Schneider could perform a wide range of light exertional activity. Dkt. No. 19-1 at 25.

If the ALJ can point to contradictions between objective medical evidence in the record and the claimant's subjective complaints, the ALJ may make a valid negative credibility determination. *See Morgan v. Comm'r of the SSA*, 169 F.3d 595, 600 (9th Cir. 1999); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

Here, the ALJ stated that although Schneider "testified to, essentially constant and debilitating pain during the period at issue,[] her capacity for a wide range of activities (including the ability to care for her invalid father until June 2011), is incompatible with the degree of symptomatology and limitation alleged." AR at 23. In making this determination, the ALJ referenced specific evidence in the record that "suggests that [Schneider]'s symptoms were less limiting than she alleged from July 2011 to December 2011," including that Schneider was able to perform household duties, take her mother to doctor's appointments, occasionally walk a dog short distances, watch television, read books, and shop. AR at 24.

The ALJ's decision clarifies that she considered factors such as inconsistencies in the evidence and Schneider's medical history when she made her credibility determination. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (finding credibility determination proper where ALJ considered claimant's testimony, doctors' opinions, objective medical evidence, and demeanor). The ALJ noted that Schneider's symptoms did not prevent her from performing her work in the past, and that she stopped working as an office manager

Case No. 14-cv-04543 NC                    10

because the company closed down and as a real estate agent due to a market downturn. AR at 22, 23; *Key v. Heckler*, 754 F.2d 1545, 1552 (9th Cir. 1985) (claimant testified that he lost his last job not because of a disability but because "my time ran out with the State of California"). The ALJ also noted that Schneider sought and received unemployment benefits after she stopped work. AR at 23, 68-69; *Carmickle*, 533 F.3d at 1161-1162 ("receipt of unemployment benefits can undermine a claimant's alleged inability to work full-time").

Accordingly, the Court DENIES Schneider's summary judgment motion as to the credibility-determination issue and GRANTS the Commissioner's motion.

### E. Did the ALJ err as a matter of law when she did not consider Schneider to have a mental impairment?

Finally, Schneider argues that she suffered from a mental impairment, that, although not severe, should have been considered at step five of the sequential evaluation. Dkt. No. 19-1 at 31. Schneider points to a diagnosis in July 2012 by Dr. Woiwode, Schneider's current treating physician, of moderate major depression. *Id*. at 30. Schneider argues that although the diagnosis was in 2012, "the depression just did not start on the first day Dr. Woiwode had seen her." *Id*. Schneider also points to stressful events in her life, including a chronic pain condition, her father's stroke and her mother's subsequent lung and breast cancer, and argues that "[a]nyone going through even one of these events is bound to have some mental stress, at the very least." *Id*. at 31. Schneider argues that the ALJ erred by failing to consider this impairment at step five under 20 C.F.R. §404.1523, and requests that Schneider's mental impairment be considered if the case is remanded.

However, the Court is not ordering remand in this case. Moreover, Schneider's depression diagnosis was over a year after her application for benefits. An ALJ can give less credit or weight to retrospective opinions. *See Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995). Here, the ALJ discredited Dr. Woiwode's opinion as retrospective in nature since Dr. Woiwode had not treated Schneider before May 2012. AR at 26. *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (evidence of disability

Case No. 14-cv-04543 NC         11

must be proven by contemporaneous medical records).

Accordingly, the Court finds that the ALJ did not err in failing to give weight to Dr. Woiwode's opinion and failing to consider Schneider mentally impaired during the step five evaluation. The Court DENIES Schneider's summary judgment motion as to this claim and GRANTS the Commissioner's motion.

## IV. CONCLUSION

For the reasons above, the Court GRANTS the Commissioner's motion for summary judgment and DENIES Schneider's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 9, 2015      _____
                             NATHANAEL M. COUSINS
                             United States Magistrate Judge